**NOT FOR PUBLICATION**

In the

United States Court of Appeals

For the Eleventh Circuit

_____

No. 25-11684

Non-Argument Calendar

_____

UNITED STATES OF AMERICA,

*Plaintiff-Appellee,*

*versus*

LEILANI ASPURIA,

*Defendant-Appellant.*

_____

Appeal from the United States District Court
for the Northern District of Florida
D.C. Docket No. 4:24-cr-00061-MW-MAF-1

_____

Before ROSENBAUM, NEWSOM, and GRANT, Circuit Judges.

PER CURIAM:

Leilani Aspuria appeals the substantive reasonableness of her sentence of twelve months and one day of imprisonment for possessing methamphetamine as a prison inmate. *See* 18 U.S.C.

§ 1791(a)(1). Aspuria possessed 2.1 grams of methamphetamine in her cell for personal use while serving a 120-month sentence for conspiracy to distribute and to possess with intent to distribute ketamine. Aspuria argues that her sentence is excessive and does not achieve the purposes of sentencing, and that the district court failed to give sufficient weight to her mitigating factors, such as her extensive history of abuse, mental-health diagnoses, and drug addiction. After careful review, we affirm.

We apply "the familiar abuse-of-discretion standard" when reviewing the substantive reasonableness of a sentence. *Gall v. United States*, 552 U.S. 38, 46 (2007). This standard is a deferential one. *United States v. Rodriguez*, 34 F.4th 961, 976 (11th Cir. 2022). The party challenging the sentence bears the burden of showing that it is unreasonable. *United States v. Tome*, 611 F.3d 1371, 1378 (11th Cir. 2010).

When determining a sentence, the district court "must consider all of the § 3553(a) factors," but how it chooses to weigh the factors "is within its sound discretion." *United States v. Grushko*, 50 F.4th 1, 19 (11th Cir. 2022) (quotation marks omitted). We will not substitute our judgment in weighing the relevant factors. *See id.* And although a district court must consider all factors enumerated in 18 U.S.C. § 3553(a), it "does not need to discuss or state each factor explicitly." *United States v. Gonzalez*, 550 F.3d 1319, 1324 (11th Cir. 2008). Thus, the mere fact that the court did not discuss certain mitigating evidence does not necessarily mean "the court erroneously 'ignored' or failed to consider this evidence in

determining" a sentence. *United States v. Amedeo*, 487 F.3d 823, 833 (11th Cir. 2007). And a district court's failure to give mitigating factors the weight a defendant contends they deserve does not make a sentence substantively unreasonable. *See United States v. Lebowitz*, 676 F.3d 1000, 1016–17 (11th Cir. 2012).

In reviewing for substantive reasonableness, "[w]e will vacate a sentence only if we are left with the 'definite and firm' conviction that the district court committed a clear error of judgment in weighing the § 3553(a) factors by arriving at a sentence that is outside range of reasonable sentences dictated by the facts of the case." *Grushko*, 50 F.4th at 20 (quoting *United States v. Ivey*, 612 F.3d 1160, 1190 (11th Cir. 2010) (*en banc*)). That said, we may find that a sentence is "substantively unreasonable when a court unjustifiably relies on any single § 3553(a) factor, fails to consider pertinent § 3553(a) factors, bases the sentence on impermissible factors, or selects the sentence arbitrarily." *Id.* at 19.

We don't "presume that a sentence within the [g]uidelines range is reasonable, [but] we ordinarily expect such a sentence to be reasonable." *Lebowitz*, 676 F.3d at 1016 (citations omitted). Another indicator of reasonableness is "[a] sentence imposed well below the statutory maximum penalty." *United States v. Dougherty*, 754 F.3d 1353, 1362 (11th Cir. 2014).

Here, Aspuria has not shown that the district court abused its discretion by failing to consider the § 3553(a) factors or by imposing a substantively unreasonable sentence. The record shows that the court expressly considered Aspuria's mitigating

4                    Opinion of the Court                    25-11684

circumstances when evaluating the § 3553(a) factors. The court explained that it had considered "the truly horrific struggles that [Aspuria] faced . . . in mitigation." The court further noted that Aspuria was "a drug user and not a drug dealer as it relates to this offense," and that she had cooperated with the government. Thus, the record shows that the district court considered the § 3553(a) factors and, specifically, the mitigating factors cited by Aspuria. *See Grushko*, 50 F.4th at 19; *Amedeo*, 487 F.3d at 833.

Aspuria maintains that the district court failed to give sufficient weight to these mitigating factors. But the fact that the district court did not give as much weight to these factors as Aspuria would have liked does not make her sentence unreasonable. *See Lebowitz*, 676 F.3d at 1016–17. Sentencing courts have broad discretion to weigh the § 3553(a) factors, and we may not substitute our own judgment. *See Grushko*, 50 F.4th at 19.

Nothing in the record convinces us that the court arrived at "a sentence that is outside range of reasonable sentences dictated by the facts of the case." *Id*. at 20. As the government notes, Aspuria's criminal history included convictions for pepper spraying and robbing an individual, and for conspiracy to distribute ketamine, which involved the death of another person. Aspuria's sentence was also near the bottom of the guideline range of 12 to 18 months and well below the statutory maximum of 20 years, both of which indicate a reasonable sentence. *See Dougherty*, 754 F.3d at 1362; *Lebowitz*, 676 F.3d at 1016.

25-11684                Opinion of the Court                5

For these reasons, Aspuria has not shown that the district court abused its discretion by declining to vary below the guideline range.  We affirm her sentence.

**AFFIRMED.**